UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs

NORMA CABEZAS-HERNANDEZ

Case Number. 8:13-cr-324-T-30TGW
USM Number: 58671-018

Timothy James Fitzgerald, Retained

## JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One and Thirty-One of the Second Superseding Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1029(b)(2) | Conspiracy to Commit Access Device Fraud | 2011 | One |
| 18 U.S.C. § 1028A | Aggravated Identity Theft | February 6, 2013 | Thirty-One |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Counts 1, 2, 14, 15, 27 and 28 of the underlying Indictment, Counts 1, 2, 17, 18, 30 and 31 of the First Superseding Indictment, Counts 2, 18, 19 and 32 of the Second Superseding Indictment are dismissed on the motion of the United States.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

March 13, 2014

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

March 13, 2014

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Norma Cabezas-Hernandez
8:13-cr-324-T-30TGW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of SIXTY (60) MONTHS. This consists of terms of THIRTY-SIX (36) MONTHS on Count ONE of the Second Superseding Indictment and a term of TWO (2) years on Count THIRTY-ONE of the Second Superseding Indictment, consecutive to Count ONE.

The Court recommends to the Bureau of Prisons that the defendant be placed at FCI Coleman.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Norma Cabezas-Hernandez
8:13-cr-324-T-30TGW

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of THREE (3) YEARS. This consists of a THREE (3) year term as to Count ONE of the Second Superseding Indictment and a ONE (1) year term as to Count THIRTY-ONE of the Second Superseding Indictment, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;

2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4. the defendant shall support his or her dependents and meet other family responsibilities;

5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;

7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Norma Cabezas-Hernandez
8:13-cr-324-T-30TGW

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. You shall provide the probation officer access to any requested financial information.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

3. The defendant shall refrain from engaging in any employment where she has access to debit/credit cards.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $200.00 | Waived | $599,744.11 |

The defendant shall make restitution (including community restitution) to the victims listed in paragraph 115 of the Presentence Report in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Total Amount of Loss | Amount of Restitution Ordered |
|---|---|---|
| Clerk, U.S. District Court (to the victims listed in paragraph 115 of the Presentence Report) | $599,744.11 | $599,744.11 |

AO 245B (Rev. 4/09) Judgment in a Criminal Case

Norma Cabezas-Hernandez
8:13-cr-324-T-30TGW

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position. Upon release from custody, you are ordered to begin making payments of 10% of her net income and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay. The Court finds that the Defendant does not have the ability to pay interest in the Court waives the interest requirement for the restitution.

### Joint and Several

Restitution shall be paid jointly and severally with co-defendants, Michel Lermos-Hernandez, Danay Crespo-Rodriguez and Viviana Reyes; Abel Osoria-Cuok in Dkt. No. 8:13-cr-176-T-17AEP; and Lazaro Rodriguez in Dkt. No. 8:13-cr-267-T-35TBM.

### FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, that are subject to forfeiture.

The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                      CASE NO. 8:13-cr-324-T-30TGW

NORMA CABEZAS-HERNANDEZ

**<u>FORFEITURE MONEY JUDGMENT</u>**

Before the Court is the United States' motion for a forfeiture money judgment (Doc. 196) against defendant Norma Cabezas-Hernandez, pursuant to 18 U.S.C. § 982(a)(2)(B) and Rule 32.2, Federal Rules of Criminal Procedure, in the amount of $655,568.61, which represents the amount of proceeds she obtained as a result of the conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), as charged in Count One of the Second Superseding Indictment.

Being fully advised in the premises, the Court hereby finds that the United States has established that the amount of proceeds generated by the conspiracy to commit access device fraud, for which the defendant has been convicted in Count One, was $655,568.61. Accordingly, it is hereby

**ORDERED** that for good cause shown, the motion (Doc. 196) of the United States is GRANTED.

It is FURTHER **ORDERED** that pursuant to the provisions of 18 U.S.C. § 982(a)(2)(B) and Rule 32.2(b)(2), Federal Rules of Criminal Procedure, defendant

Norma Cabezas-Hernandez is jointly and severally liable with her co-conspirators, Danay Crespo-Rodriguez, and others convicted of the same offense for a forfeiture money judgment in the amount of $655,568.61.

In accordance with the defendant's Plea Agreement (Doc. 145 at 11) and Rule 32.2(b)(4), Federal Rules of Criminal Procedure, this order of forfeiture will be final as to the defendant at the time it is entered.

The Court retains jurisdiction to enter any further order necessary for the forfeiture and disposition of any property belonging to the defendant, which the United States is entitled to seek as substitute assets under 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1), up to and including the amount of the $655,568.61 forfeiture money judgment, and to address any third party claim that may be asserted in these proceedings.

**DONE AND ORDERED** in Tampa, Florida, on March 5th, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
All Counsel/Parties of Record

S:\Even\2013\13-cr-324 forfeit mj 196.docx

2