# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

NORMA CABEZAS-HERNANDEZ,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

_____/

Case No:  8:16-cv-2135-T-30TGW
Crim. No: 8:13-cr-324-T-30TGW

## ORDER

THIS CAUSE comes before the Court upon Petitioner Norma Cabezas-Hernandez's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 1) filed on July 21, 2016. (CV Doc. 1). Upon preliminary review of the motion, the Court concludes that Petitioner's motion should be dismissed as time-barred.

## BACKGROUND

Pursuant to a written plea agreement, Petitioner pled guilty to (1) conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2) (Count 1), and (2) aggravated identity theft, in violation of 18 U.S.C. § 1028A (Count 31). (CR Docs. 145, 150, 17). On March 13, 2014, the Court sentenced Petitioner to 36 months' imprisonment on the conspiracy charge and 24 months' imprisonment on the identity-theft charge, to run consecutive to the sentence imposed on the conspiracy charge. (CR Doc.

200). Petitioner was also sentenced to 12 months' supervised release. Petitioner did not file a direct appeal.

Because Petitioner did not file a direct appeal, her judgment of conviction became final under § 2255(f)(1) when the time for filing a direct appeal expired on March 27, 2014. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011) (stating that "when a defendant does not appeal his [or her] conviction or sentence, the judgment of conviction becomes final when the time for seeking that review expires"); Fed R. App. P. 4(b)(1)(A)(i) (allowing a criminal defendant fourteen days after the entry of either the judgment or the order being appealed to file a notice of appeal). Petitioner therefore had until March 27, 2015, to file a motion under § 2255.

Petitioner filed the present motion on July 21, 2016, over a year after her time for filing a motion under § 2255(f)(1) expired. (CV Doc. 1). Petitioner raises one ground for relief, seeking a reduction of her sentence under an amendment to United States Sentencing Guideline § 3B1.2.

## **DISCUSSION**

Under § 2255(f)(1), Petitioner's claim is untimely because she filed her motion more than a year after her judgment of conviction became final. Petitioner asserts that her motion should be considered timely because of a recent amendment to U.S.S.G. § 3B1.2. (CV Doc. 1 at 10). Specifically, on April 30, 2015, the United States Sentencing Commission amended U.S.S.G. § 3B1.2, with the amendment effective as of November 1, 2015, to provide additional guidance to sentencing courts in determining whether a mitigating role

adjustment applies. The amendment to this guideline does not render Petitioner's motion timely.

Section 2255(f)(3) provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The amendment to § 3B1.2 does not constitute a newly-recognized right that has been made retroactively applicable to cases on collateral review. Consequently, Plaintiff's motion is time-barred, and should be dismissed.

For Petitioner's benefit, even if her motion were not time-barred, she would not be entitled to relief. The amendment to § 3B1.2 was a clarifying amendment not a substantive amendment. Generally, clarifying amendments to the sentencing guidelines are not cognizable on a § 2255 motion absent a complete miscarriage of justice. *See Burke v. United States*, 152 F.3d 1329, 1332 (11th Cir. 1998). Petitioner has not demonstrated a complete miscarriage of justice.

## CONCLUSION

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Norma Cabezas-Hernandez's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (CV Doc. 1) is DISMISSED as time-barred.

2. The Clerk is directed to terminate from pending status the motion to vacate found at Doc. 294 in the underlying criminal case, case number 8:13-cr-324-T-30TGW.

3. The Clerk is directed to terminate any pending motions and close this case.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
## IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his or her petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). *Id.* "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Petitioner "'must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal in forma pauperis.

DONE AND ORDERED at Tampa, Florida on this 11th day of August, 2016.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record